In the Matter of the Application of KINGS HIGHWAY SAVINGS BANK, Petitioner, Pursuant to Section 1077-c of the Civil Practice Act, for an Order Directing CONGREGATION PRI EITZ CHAIM OF NEW FLATBUSH, INC., Respondent, the Owner of Mortgaged Premises Known as No. 2592 Ocean Avenue, Brooklyn, New York, to Make Available for Inspection by the Applicant and the Court, All Records and Data Available as to Income and Disbursements and to Pay Over to the Applicant the Surplus of Rents of Said Premises Over and Above the Proper Charges Thereon.*

Supreme Court, Kings County, November 21, 1939.

* Affd., 258 App. Div. 1075.

*Richards, Smyth & McGrath,* for the petitioner.

*Max Olesker,* for the respondent.

HOOLEY, J. This is a motion for an order pursuant to section 1077-c of the Civil Practice Act, directing the owner of mortgaged premises to produce for inspection all records and data relating to income and disbursements for the six months next preceding October 15, 1939. The respondent congregation is a religious corporation and the premises have been used exclusively as a synagogue. The respondent asserts that the element of profit or business gain is not here present and that the income from the pupils attending the Talmud Torah and receiving instruction thereat, the income received from voluntary donations and contributions and from the sale of tickets for the use of pews, which constitute the main source of receipts, cannot be considered as income received from the use or rental of the property. Upon that question there may be a very good argument to the contrary.

The court is of the opinion that the reason for the enactment of the section in question was to prevent an owner of property from making a profit from the use thereof and diverting it to his own use, leaving the mortgagee unable to enforce his security while the owner enjoyed the excess income from the property. While at first blush it would appear that the section did not apply to properties such as synagogues or churches, a careful reading of the section shows that farm property and dwelling property occupied by the owner were specifically exempted. Had the Legislature intended to exempt synagogues and churches it could easily have so indicated in this exemption provision. This is not an application for an order fixing the amount of any payment to the mortgagee but merely for an inspection of the records as to income and outlay. To this extent the motion will be granted. In any event, it is almost inconceivable that any mortgagee on this kind of property will ever receive any payment out of surplus income under this section. Churches and synagogues are usually as poor as the proverbial church mouse.